Per A. Ramfjord, OSB No. 93402
paramfjord@stoel.com
STOEL RIVES LLP
900 SW Fifth Avenue Suite 2600
Portland, OR 97204-1268
Telephone: (503) 224-3380
Facsimile: (503) 220-2480

J. Ronald Sim
jrsim@stoel.com
STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA 98101
Telephone: (206) 624-0900
Facsimile: (206) 386-7500

John C. Mercer, OSB No. 74218
jcm@woodtatum.com
WOOD TATUM SANDERS & MURPHY
1001 SW Fifth Avenue, Suite 1300
Portland, OR 97204
Telephone: (503) 721-9421
Facsimile: (503) 241-7235

        Attorneys for Defendant

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FIRST MARINE SERVICE CO., LTD.,<br><br>Defendant. | ~~Civil~~ No. 3:05-CR-00243-HA-ALL<br><br>PETITION TO ENTER PLEA OF GUILTY, CERTIFICATE OF COUNSEL, AND ORDER ENTERING PLEA |

Page 1  -  PETITION TO ENTER PLEA OF GUILTY, CERTIFICATE OF COUNSEL, AND
          ORDER ENTERING PLEA

The defendant represents to the Court:

1.      FIRST MARINE SERVICE CO., LTD. is a corporation doing business in Japan and elsewhere in the world as a technical manager of ocean-going vessels.

2.      FIRST MARINE SERVICE CO., LTD. has appointed J. Ronald Sim, Per A. Ramfjord and John Mercer to act as its criminal counsel in the United States in connection with this matter.

3.      FIRST MARINE SERVICE CO., LTD. has discussed the case fully with its counsel and has received a copy of the Information filed in the District of Oregon. FIRST MARINE SERVICE CO., LTD. approves of the attached plea agreement with the U.S. Attorneys for the District of Oregon. FIRST MARINE SERVICE CO., LTD. has provided Minutes and Resolution to its counsel empowering them to conclude the agreement and to enter a plea of guilty, a copy of which is attached. FIRST MARINE agrees that its counsel has counseled and advised the company concerning the nature of the charges, any lesser-included offense(s), and the possible defenses that might be available in this case. The elements of the charges alleged in the Information, to which the company will plead "GUILTY," are set forth in plea agreement filed by the government, a copy of which is attached to this petition.

4.      FIRST MARINE SERVICE CO., LTD. knows that its counsel will have to truthfully answer any questions that the judge asks about the offense.

5.      FIRST MARINE SERVICE CO., LTD. knows that it may plead "NOT GUILTY" to any crime charged against the company and that by pleading "NOT GUILTY" the U.S. Constitution guarantees it certain rights as follows:

/ / / / /

/ / / / /

Page 2   -   PETITION TO ENTER PLEA OF GUILTY, CERTIFICATE OF COUNSEL, AND ORDER ENTERING PLEA

a.      The right to a speedy and public trial by jury, during which the company will be presumed to be innocent unless and until it is proven guilty by the government beyond a reasonable doubt and by the unanimous vote of 12 jurors;

b.      The right to have the assistance of an attorney at all stages of the proceedings;

c.      The right to use the power and process of the Court to compel the production of evidence, including the attendance of witnesses in its favor;

d.      The right to see, hear, confront, and cross-examine all witnesses called to testify against the company;

e.      FIRST MARINE SERVICE CO., LTD. knows that by pleading "GUILTY" there will be no trial before either a judge or a jury.

6.      In this case FIRST MARINE SERVICE CO., LTD. is pleading "GUILTY" under Rule 11(c)(1)(B).  Counsel has explained the effect of a plea under Rule 11(c)(1)(B) to be as follows:  Because the plea of guilty is under Rule 11(c)(1)(B), at the time of sentencing, the judge must either impose the specific sentence agreed upon, or allow FIRST MARINE SERVICE CO., LTD. to withdraw its plea.

7.      FIRST MARINE SERVICE CO., LTD. knows that the maximum sentence that can be imposed for the crimes to which it is pleading guilty is a fine of $500,000.

8.      FIRST MARINE SERVICE CO., LTD. also knows that the judge, in addition to any other penalty, will order a special assessment as provided by law in the amount of $400 per count of conviction.

Page 3   -   PETITION TO ENTER PLEA OF GUILTY, CERTIFICATE OF COUNSEL, AND
ORDER ENTERING PLEA

9.    FIRST MARINE SERVICE CO., LTD. knows that if it is ordered to pay a fine, and the company willfully refuses to pay that fine, it can be returned to court, where the amount of the unpaid balance owed on the fine can be substantially increased by the judge.

10.    Counsel has discussed the Federal Sentencing Guidelines with company officials. It is understood that the fine in this case will be paid based on the agreement of the parties and not by reference to the Federal Sentencing Guidelines.

11.    On any fine or restitution in an amount of $2,500 or more, FIRST MARINE SERVICE CO., LTD. knows that it will be required to make payment as set forth in the plea agreement or that it will have to pay interest if payments are more than fifteen (15) days late from the date specified. It is agreed that a the fine will be paid immediately upon sentencing.

12.    This plea of "GUILTY" is based on a Plea Agreement between FIRST MARINE SERVICE CO., LTD. and the U.S. Attorneys for the District of Oregon. The Plea Agreement is attached hereto and incorporated herein. This agreement is understood, and has been reviewed and approved by FIRST MARINE SERVICE CO., LTD.

13.    The Plea Agreement contains the basic agreement between the U.S. government and FIRST MARINE SERVICE CO., LTD. The U.S. Coast Guard has also promised that it will not pursue any civil penalties in conjunction with the events discovered in this matter. A copy of a letter to this effect is also attached. Together, these comprise the complete agreement between the U.S. government and FIRST MARINE SERVICE CO., LTD.

14.    This plea of "GUILTY" is not the result of force, threat, or intimidation.

15.    FIRST MARINE SERVICE CO., LTD. hereby requests that the judge accept its plea of "GUILTY" to the charges in the Information. Power of attorney, through Minutes and

Resolution dated June 16, 2005, has been provided to counsel to enter these pleas on behalf of FIRST MARINE SERVICE CO., LTD.

16.     FIRST MARINE SERVICE CO., LTD. knows that the judge must be satisfied that a crime occurred and that FIRST MARINE SERVICE CO., LTD. has responsibility for it before these pleas of "GUILTY" can be accepted.  With respect to the charges to which FIRST MARINE SERVICE CO., LTD. pleads guilty, it agrees with the factual representations set forth in the attached plea agreement.

17.     This "GUILTY" plea is offered freely and voluntarily with a full understanding of the allegations set forth in the Information and with a full understanding of the statements set forth in this Petition and in the Certificate of Counsel that is attached to this Petition.

SIGNED by our attorney on this _12_ day of July, 2005.

_____
*for*  FIRST MARINE SERVICE CO., LTD.

Page 5   -   PETITION TO ENTER PLEA OF GUILTY, CERTIFICATE OF COUNSEL, AND
               ORDER ENTERING PLEA

## CERTIFICATE OF COUNSEL

The undersigned, as attorney for defendant FIRST MARINE SERVICE CO., LTD., hereby certifies:

1.      The allegations contained in the Information in these cases, any lesser-included offense(s), and the possible defenses that may apply in this case have been fully explained to the defendant.

2.      I have personally examined the attached Petition to Enter Plea of Guilty and Order Entering Plea and certify that all its provisions have been explained to the defendant and that all matters described and referred to in the Petition have been discussed fully with the defendant.

3.      The maximum penalty and other consequences of entering a plea of guilty  as described the Petition has been explained to the defendant.

4.      I recommend that the Court accept the defendant's plea of "GUILTY."

SIGNED by me after full discussion has been had with the defendant of the contents of the Petition to Enter Plea of Guilty, and any Plea Agreement, on this *12* day of July, 2005.

J. Ronald Sim
Attorney for Defendant

Page 6   -   PETITION TO ENTER PLEA OF GUILTY, CERTIFICATE OF COUNSEL, AND
              ORDER ENTERING PLEA

## ORDER ENTERING PLEA

I find that the defendant's plea of GUILTY has been made freely and voluntarily and not out of ignorance, fear, inadvertence, or coercion. I further find the defendant has admitted facts that prove each of the necessary elements of the crime(s) to which the defendant has pled guilty.

IT IS THEREFORE ORDERED that the defendant's plea of GUILTY be accepted and entered as requested in this Petition and as recommended in the Certificate of defendant's attorney.

DATED this _12_ of July, 2005, in open court.

Ancer L. Haggery
U.S. District Court Judge

Page 7  -  PETITION TO ENTER PLEA OF GUILTY, CERTIFICATE OF COUNSEL, AND
ORDER ENTERING PLEA

## AGREEMENT TO ENTER PLEA OF GUILTY
## AND POWER OF ATTORNEY


First Marine Service Co., Ltd., through its directors and officers, with full understanding of the circumstances surrounding the condition of the *M/V Bright Nextage* during its inspection in Portland, Oregon, USA, hereby agrees to accept responsibility for the actions of the crewmen who may have violated MARPOL and any related laws in the United States.


First Marine Service Co., Ltd. has reviewed the proposed plea agreement and further grants power of attorney to Per A. Ramfjord and Ronald J. Sim and authorizes Per A. Ramfjord and Ronald J. Sim to make any necessary appearance in the U.S. District Court on behalf of the company and to formally enter a plea of guilty on behalf of First Marine Service Co., Ltd. under the terms that are set forth in that proposed agreement.


Date : 16th June, 2005

First Marine Service Co., Ltd.


Hiroyuki Kyuko, President

## MINUTES AND RESOLUTION

On 16th June, 2005, a special meeting of the Board of Directors of First Marine Service Co., Ltd.

was held in accordance with the company's bylaws.

All directors acknowledged receipt of notice of the meeting and waived the notice period, as

permitted by the bylaws.

A quorum of directors attended the special meeting and unanimously approved the following:

RESOLVED, that the Board of Directors has received and reviewed an Information and a draft

Plea Agreement in the United States of America v. First Marine Service Co., Ltd., CR 05243 HA,

in the District of Oregon.

FURTHER RESOLVED, that Per A. Ramfjord and Ronald J. Sim are hereby authorized on

behalf of the corporation to execute that Plea Agreement for First Marine Service Co., Ltd. as its

counsel, to enter a guilty plea on the corporation's behalf and to do all acts as they may deem

necessary to submit the same to the Court and appear for First Marine Service Co., Ltd. before

the Court as needed for the plea and sentencing.

First Marine Service Co., Ltd.

Eiji Nagasawa, Director

## CERTIFICATE OF SECRETARY

I, the undersigned, certify that I am Managing Director of First Marine Service Co., Ltd.,

Ship Management Company .

Attached hereto is a true, correct and complete copy of minutes and resolution by the First

Marine Service Co., Ltd. Board of Directors adopted on 16th June, 2005.

The attached resolution has not been amended nor rescinded and is in full force and effect on this

Date : 16th June, 2005.

First Marine Service Co., Ltd.

Eiji  Nagasawa,  Director

I declare under penalty of perjury that the foregoing is true and correct.

Executed at the meeting room, on 16th  June, 2005.

First Marine Service Co., Ltd.

Hiroyuki Kyuko, President



**U.S. Department of
Homeland Security**

**United States
Coast Guard**

Commander(dl)
Thirteenth Coast Guard District

915 Second Ave., Rm. 3462
Seattle, WA 98174-1067
Staff Symbol: (dl)
Phone: (206) 220-7110
Fax: (206) 220-7119

16450
July 8, 2005

Mr. John C. Mercer
Wood Tatum Sanders & Murphy
1001 Southwest Fifth Avenue, 13th Floor
Portland, OR 97204-1151

Dear Mr. Mercer:

The United States Coast Guard understands that your client First Marine Service Co. Ltd. and the
United States Attorney for the District of Oregon have reached a plea agreement regarding the
M/V BRIGHT NEXTAGE. Specifically, your client has agreed to waive indictment and plead
guilty to an information charging one count of a violation of 33 U.S.C. § 1908(a), the Act to
Prevent Pollution From Ships (APPS), and 33 C.F.R. § 151.25, based upon their failure to
maintain an accurate Oil Record Book on the M/V BRIGHT NEXTAGE, case number CR 05-
243-HA. In consideration of this plea agreement and upon acceptance of the Rule 11(c)(1)(B)
plea, the United States Coast Guard's Thirteenth Coast Guard District agrees it will not pursue
any civil penalties based upon the subject matter of this plea agreement. Upon payment of the
fine and penalty assessments, the agreements on security posted by First Marine Service Co. Ltd.
and Mars Shipping Co. Ltd. shall be canceled and the original documents returned to counsel for
First Marine Service Co. Ltd. and Mars Shipping Co. Ltd. However, nothing contained in the
this letter shall limit the authority of any U.S. Attorney of other judicial districts, or any other
federal, state or local regulatory or prosecuting authority to take further civil or administrative
action against First Marine Service Co. Ltd. and/or Mars Shipping Co. Ltd.

For the Thirteenth Coast Guard District,

A. W. REIMAN
Lieutenant, U.S. Coast Guard Reserve
Assistant Legal Officer
Thirteenth Coast Guard District

Copy:   CGD THIRTEEN (m)
        CG SECTOR PORTLAND
        Mr. Richard Poole
        Mr. Scott Kerin

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **Case No. CR 05-243-HA** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **PLEA AGREEMENT** |
| **v.** | ) | **[33 U.S.C. § 1908(a)]** |
| | ) | |
| **FIRST MARINE SERVICE CO., LTD.** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

The United States of America, by Karin J. Immergut, through Assistant United States

Attorney Scott M. Kerin, and the United States Department of Justice, Environmental Crimes

Section, through Trial Attorney Richard Poole, enters into the following plea agreement with

First Marine Service Company Limited ("Defendant" or "First Marine"), pursuant to Rule

11(c)(1)(B) of the Federal Rules of Criminal Procedure.

1. <u>Waiver of the Indictment:</u>  The defendant agrees to waive Indictment by a Grand

Jury and plead guilty to an Information charging a violation of 33 U.S.C. §1908(a), and 33

C.F.R. 151.25.

2. <u>The Charges:</u>  First Marine, by and through the actions of the *M/V Bright Nextage's*

crew members,  knowingly failed to maintain an Oil Record Book in which all disposals of oil

residue and all overboard discharges and disposals of bilge water were fully recorded, in

violation of  Title 33, United States Code, Section 1908(a) and Title 33, Code of Federal

Regulations, Sections 151.25(a), (d) and (h).

Page 1 of  11 -- US v. First Marine

3. <u>Elements of the Offenses:</u>  The government must prove that the Defendant First Marine, by and through the actions of its agents and/or employees, who were acting within the scope of their employment, knowingly failed to maintain an Oil Record Book in which all disposals of oil residue and all overboard discharges and disposals of bilge water were fully recorded.

4. <u>Penalties:</u>  Violation of 33 U.S.C. § 1908(a) is a felony and the maximum fine for corporations is $500,000.00 or twice the gross pecuniary gain derived from the crimes or twice the pecuniary loss caused to the victims of the crime, whichever is greater.  18 U.S.C. § 3571(c)(3), (d).  The sentence may include a term of probation of at least one year but not more than five years.  There is a $400.00 mandatory special assessment.

5. <u>Sentencing Agreement:</u>  Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the United States and First Marine will recommend that the court impose the following sentence:

A.  <u>Fine</u>.   First Marine shall pay a criminal fine in the total amount of $350,000.

B.  <u>Probation</u>.  First Marine will be placed on organizational probation for a period of four (4) years pursuant to USSG §§ 8D1.1 and 8D1.2.  The terms of the probation shall be:

(1) <u>No Further Violations</u>.  First Marine agrees that it shall commit no further violations of federal, state or local law, including those laws and regulations for which primary enforcement has been delegated to state authorities and shall conduct all its operations in accordance with the MARPOL Protocol.

(2) <u>Environmental Management System/Compliance Plan</u>.  Consistent with the sentencing policies set forth in USSG § 8D1.4, First Marine agrees to develop, adopt, implement and fund the Environmental Management System/Compliance Plan ("EMS") attached hereto as Exhibit A.

(a)    The EMS will establish that: all environmental and related operational risks have been identified; such risks are being appropriately managed and potential risks are being avoided; all international, federal, state and local laws, regulations, and environmental permit requirements are being adhered to; appropriate policies, programs, and procedures are in place; organizational responsibilities are clearly defined, understood and implemented; environmental quality control assurance and verification systems are in place, as determined by appropriate self-policing and third-party audits; company operations, including contractor operations and on-site service provider operations, do not present actual risks to the environment.  First Marine shall ensure that the environmental compliance program is diligently enforced by its officers and managers.

(b)    First Marine shall be responsible for all costs associated with the development, implementation, maintenance and monitoring of the EMS.  First Marine agrees that during the period of probation, and

at all reasonable times and with as reasonable prior notice by the
Districts as practicable, they will provide the Districts with access
to its vessels listed in the EMS, as well as all facilities, employees,
and records that are relevant to monitoring compliance with the
terms and conditions of the EMS.

(c)    If First Marine changes its name, the renamed company shall be
obliged to meet all of the obligations of First Marine under this
agreement.  If First Marine merges with another company through
a stock or asset purchase, the newly created or merged company
shall be obliged to meet all of the obligations of First Marine under
this agreement with regard to those vessels subject to the EMS and
managed by First Marine at the date of the merger.

(d)    The parties recognize that during the term of probation, the
number and identity of vessels managed by First Marine that call
in the United States may increase or decrease.  Any vessel
removed from management by First Marine or which stops calling
in the United States shall be excluded from the scope of its EMS.

C.  <u>Community Service</u>.  The United States will petition the Court at  the time of
sentencing to order  First Marine, as a condition of probation, to pay $150,000 in
community service  pursuant to USSG § 8B1.3 and in furtherance of the
sentencing principles provided in 18 U.S.C. § 3553(a), for the purpose of funding
one or more projects for the benefit, preservation, and restoration of the

Page 4 of  11 -- US v. First Marine

environment and ecosystems in the waters of the United States. First Marine shall support the government's petition regarding community service.

(1) The United States will petition the court to have First Marine deposit the Community Service funds into the Columbia River Estuarian Coastal Fund (hereinafter "Fund"), created for the purpose of using the money from the settlement of ocean pollution cases. The Fund is administered by the National Fish & Wildlife Foundation (hereinafter "Foundation"). The Foundation has entered into an agreement with the U.S. Fish & Wildlife Service of the Department of Interior (hereinafter "Service"). The Service and the Foundation are to form an advisory group, comprised of the Foundation, the Service and several other representatives.

(2) The advisory group will receive proposals for the use of the money in environmental projects on the lower Columbia River and adjacent coasts, and make selections and recommendations to the Service, which must approve the projects. Under the agreement, the Fund must submit an annual report to the government and to the court, including audited financial statements, of the disposition of the money in the fund.

6.    Application of the Agreement: This agreement shall bind First Marine and such other companies as may be included in paragraph 5, above, or the attached Exhibit A. First Marine shall provide the District of Oregon and the Untied States Probation Office with

immediate notice of any name change, business reorganization, sale or divestiture impacting its ability to pay the fine or affecting this Agreement and the EMS. First Marine shall not engage in any action to seek to avoid the obligations and conditions set forth in this Agreement.

      7.    <u>Statement of Facts</u>: The parties agree that the United States would offer the following facts to support the plea.

      A.  First Marine is a corporation organized in Japan, with its headquarters in Japan. Among other things, First marine operates a fleet of ocean going ships, primarily bulk carriers.

      B.  One of the ships the defendant operates and manages is the motor vessel ("M/V") Bright Nextage, weighing 14,431 gross tons and owned by Mars Shipping Co., Ltd. The M/V Bright Nextage sails under the flag of Myanmar (Burma).

      C.  The M/V Bright Nextage typically operates with a crew of approximately twenty-one. Approximately nine crew members of different rank work in the ship's engine room, including a chief engineer, a second engineer, a third engineer, a fourth engineer, an electrician, a fitter, and three oilers. During the period relevant to this Plea Agreement, the second engineer was primarily responsible for properly disposing of waste oil that accumulated onboard the vessel and was responsible for operating the vessel's Oil Water Separator ("OWS") and incinerator. The second engineer reported to the chief engineer

who had overall responsibility for engine room operations.  The chief engineer
reported directly to the captain, who was responsible for all vessel operations.

D.  Large ocean going vessels, like the M/V Bright Nextage, produce waste oil as
a result of the operation of machinery in the engine room.  Some of the waste oil,
together with water and other liquids, accumulates in the bottom or "bilges" of
the vessel.  The bilge waste is  collected and run through various processes
designed to separate the oil and other wastes from the water.  These processes
include settling tanks and an OWS.  After processing by the OWS, bilge water
containing very small amounts of oil may be legally discharged overboard.  The
OWS has an oil content meter to measure the amount of oil in its discharges.  If
the amount exceeds 15 parts per million, the OWS diverts the discharge into
holding tanks on board.  Oil removed from the bilge waste, along with other
waste oils from the ship, are stored in a sludge tank.  Some ships burn the sludge
on board in an incinerator.  Oil-contaminated bilge waste and other waste oils,
including sludge, may also be off-loaded while the vessel is in port and properly
disposed of onshore.

E.  Under the MARPOL Protocol, an international treaty implemented in the
United States by the "Act to Prevent Pollution from Ships" ("APPS"), 33 U.S.C.
1901, *et seq.,* a ship may not discharge overboard oily waste with more than
fifteen (15) parts per million ("ppm") of oil.  The MARPOL Protocol and the
APPS require that each oil tanker of 150 gross tons or more, or non-tanker vessels

of more than 400 gross tons, maintain an "Oil Record Book" (also known as the "ORB").  All transfers of oil, disposal of sludge and bilge water, and overboard discharges of bilge water that have accumulated in machinery spaces and are thus contaminated with oil, must be fully recorded in the ORB.  33 C.F.R. § 151.25(d).  The captain of the ship must sign every completed page of the ORB.  33 C.F.R. § 151.25(h).  The ORB must be maintained onboard for not less than three years and must be kept on board the vessel readily available for inspection at all reasonable times.

F.  The regulations authorize the U.S. Coast Guard to board and inspect all vessels in United States ports to determine compliance with federal regulations and the MARPOL Protocol.  14 U.S.C. § 89, 33 C.F.R. § 151.25.  The inspection typically includes an examination of the ORB.  The U.S. Coast Guard relies upon the accuracy of information contained in the ORB to assist in assessing the vessel operator's compliance with all applicable rules and regulations.

G.  On May 13, 2002, the M/V Bright Nextage was boarded and inspected by representatives of the United States Coast Guard and the Washington Department of Ecology.  They found that the overboard discharge valves from the OWS had oil on the valve stems.  Upon opening the valves, the inspectors found the interior of the valves and adjacent piping contaminated with heavy fuel oil sludge.  Because these valves and pipes were outboard of the OWS, the pipes should not have contained any oil.  Further, the bolts on the flanges appeared to be

mismatched and stripped of paint, indicating the connections had been removed

so that a bypass hose or pipe was attached, allowing the ship to discharge oily

waste without it being processed through the OWS. The inspectors found a

plastic hose with metal flanges on the ends. The flanges and hose contained

heavy fuel oil. The hose fit when connected from the bilge pump to the

overboard valve. There was also a connection called a spectacle flange that

allowed the bilge and sludge systems to be connected, so that fuel oil sludge tanks

could be pumped overboard. The condition of the bolts on the spectacle flange

indicated it had been opened to allow the crossing of the bilge and sludge

systems. Several crew members told the inspectors that the hose had recently

been used to discharge oily bilge waste from the Separated Bilge Oil Tank

overboard while on the high seas. The Oil Record Book did not record the

discharge of oily waste overboard from the Separated Bilge Oil tank.

8. Non-Prosecution of Other Offenses: By this agreement, the United States Attorneys

Office for the District of Oregon and the Environmental Crimes Section of the United States

Department of Justice agree that they will not undertake to prosecute First Marine for any prior

criminal offenses known to them at the time of signing this agreement, including other potential

violations of Title 33, United States Code, Section 1908(a) and Title 33, Code of Federal

Regulations, Sections 151.25(a), (d) and (h) offenses arising from the M/V Bright Nextage's

crew members knowing failure to maintain an Oil Record Book in which all disposals of oil

residue and all overboard discharges and disposals of bilge water were fully recorded. First

Marine understands and agrees that neither this paragraph nor this agreement limits the authority of any U.S. Attorneys of other judicial districts, or any other federal, state or local regulatory or prosecuting authorities.

9. <u>Corporate Authorization</u>:  First Marine will provide to the United States written evidence in the form of a notarized resolution of the Board of Directors of First Marine with both notary and corporate seals, certifying that defendant is authorized to plead guilty to the felony charges as set forth in the Information, and to enter into and comply with all provisions of this agreement. The resolution shall further certify that the President of First Marine and his designees are authorized to take these actions and that all corporate formalities—including, but not limited to, approval by First Marine's directors—required for such authorization have been observed.  First Marine agrees that it has authorized counsel to appear on the behalf of defendant to enter the guilty plea in the District of Oregon and  for imposition of the sentence in the District of Oregon.

10.  <u>Express Waiver of Right to Appeal Guilty Plea and Sentence</u>:  First Marine agrees that if the court imposes the sentence recommended by the parties under this agreement, it waives its right to appeal its plea and the sentence, and waives its right to collaterally attack the conviction and sentence.

11.  <u>Completeness of Agreement</u>.  The parties agree that this plea agreement is the only agreement between the United States Department of Justice, the United States Attorney's Office for the District of Oregon, and First Marine concerning this matter.  This plea agreement supersedes all prior understandings, if any, whether written or oral, and cannot be modified other

Page 10 of  11 -- US v. First Marine

than in a writing that is signed by all parties. No other promises or inducements have been or

will be made to the Defendant by the parties to this agreement in connection with this case, nor

have any predictions or threats been made in connection with this plea.

KARIN J. IMMERGUT
United States Attorney
District of Oregon


SCOTT M. KERIN                                              7/12/05
Assistant United States Attorney                           Date


RICHARD POOLE                                              7/12/05
Senior Trial Attorney                                      Date
Environmental Crimes Section
United States Department of Justice


RONALD J. SIM                                              7/12/05
Attorney for First Marine Services                        Date


Page 11 of 11 -- US v. First Marine